116

Court of Customs and Patent Appeals.
Feb. 20, 1933.

Frank C. Learman, of Bay City, Mich. (Harry F. Riley, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Claims 20 to 26, inclusive, being article claims, of appellant's application for a patent, were allowed by the Board of Appeals of the United States Patent Office, after the same had been rejected by the Examiner. The Examiner also refused to allow claims 16, 17, 18, and 19, being process claims, for lack of patentability in view of the prior art, and the Board affirmed the Examiner in this, rejection.

The appellant has appealed to this court from the action of the Board in refusing to allow claims 16, 17, 18, and 19. Said claims read as follows:

"16. The method of making the magnetic core of a transformer, consisting of forming a plurality of loops each composed of laminae, or strips bent to required form, assembling the loops so that their inner legs are proximate to one another, opening the outer legs of the loops, winding the coil on the inner legs of the loops through the open outer legs thereof and restoring the outer legs of the loops to their initial closed condition.

"17. The method of making the magnetic core of a transformer, consisting of forming a plurality of loops each composed of laminae, bent so that the minor portion of the metal is at the long perimeter thereof, assembling the loops so that their inner legs are proximate to one another, opening the outer legs of the loops, winding the coil on the inner legs of the loops through the open outer legs thereof, and restoring the outer legs of the loops to their initial closed condition and arranging the ends of each laminae in overlapping relation.

"18. The method of forming a loop, for the magnetic core of a transformer, consisting in arranging a plurality of strips in superimposed relation and bending said strips so that the intermediate portions of the strips form an inner core leg and the outer portions of the strips form an openable outer core leg, arranging the ends of each strip in overlapping relation, and annealing the bent strips.

"19. The method of making the magnetic core of a transformer, consisting of forming a plurality of loops each composed of strips bent so that the minor portion of the metal is at the long perimeter of the loop, and so that the intermediate portions of the strips form an inner core leg, and the outer portions of the strips form an openable outer core leg, arranging the ends of each strip in overlapping relation, and then annealing the bent strips."

The references relied upon are: De Ferranti, 389,838, September 18, 1888; De Ferranti, 427,751, May 13, 1890; Terry, 434,164, August 12, 1890; Hassler, 523,572, July 24, 1894; Lunnon et al., 1,154,866, September 28, 1915; Sclater, 1,310,299, July 15, 1919; Katsumoto, 1,542,144, June 16, 1925; De Ferranti (Br.), 14,917, December 4, 1885; Muller (Br.), 4,523, March 31, 1886; Loras (Br.), 106,986, April 17, 1917.

The application relates to a transformer and the method of making the same. The claims at bar are only concerned with the method of making the same, which method is so fully described in the above claims as to obviate the necessity for extended explanation here. Much of the discussion in appellant's brief is devoted to a description of the article found in the allowed article claims. The claimed invention in the method presented here chiefly centers around the idea of first bending the strips before winding, and opening the bent strips for the purpose of winding, and closing the ends of the strips after winding, which permits the winding of the core without the injury to the metal which

would result from completely bending the same after it had been annealed.

It is claimed that the use of the particular steps of this method is the solution of a problem which has long confronted the makers of transformers, and which remained unsolved until appellant solved it by his disclosure at bar. It is contended by appellant that new and useful results flow from his invention.

The Board, as to claims 16 and 18, said:

" * * * The only difference in this method of assemblage set forth in the two method claims here under consideration resides in the step of first forming the laminae of the core into a loop and then spreading the outer ends sufficiently to permit the winding of the coil about the shorter perimeter. We agree with the examiner that there was nothing unobvious or inventive in so simple a departure from the usual method. If the applicant desires or finds it of advantage to bend up the laminae into a loop before applying the coil and thereafter, as usual, close the loop, we see nothing more than the exercise of obvious mechanical skill within the knowledge of a workman. Whether the core is annealed before or after the winding is applied or both before and after such operation is, in our judgment, a mere matter of choice. We do not think these claims patentable."

In rejecting claims 17 and 19, the Board said:

"Claims 17 and 19 define merely the same method recited in claims 16 and 18 but add the feature that the minor portion of the metal is at the long perimeter of the loop. This is broadly old in the patent to Hassler, Figs. 5 and 13, and we see nothing patentable in this particular transformer made in accordance with the steps recited in claims 16 and 18."

We are constrained to disagree with the conclusion reached by the Board. It is not claimed here that any of the references discloses the steps of the claims at bar. The finding of the Board is based upon the premise that no new and useful result is obtained except that which is obtained by a method which is obvious to the workman.

Appellant, we think, has contributed greatly to the art of coil winding and has successfully solved a problem, for the solution of which, the record before us shows, no one in the prior art had offered any helpful suggestion. The applicant is entitled to such reward as the patent laws authorize under such circumstances.

Just what is obvious to the skilled workman, and therefore without the limits of patentable invention, is very frequently a difficult question to decide. This difficulty of decision ofttimes naturally suggests the applicability of the well-settled principle of law that doubts as to the presence of invention are to be resolved in favor of the applicant. In the instant case we think it required inventive genius to accomplish what the applicant has accomplished, and the decision of the Board of Appeals rejecting the four claims at bar is reversed.

Reversed.